☑ Original          ☐ Duplicate Original

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of Wisconsin

| | |
|---|---|
| In the Matter of the Search of <br> *(Briefly describe the property to be searched* <br> *or identify the person by name and address)* <br> Records and information associated with the cellular <br> devices used by V.J., to include the cellular device <br> assigned (414) 204-0555 | )<br>)<br>)<br>)<br>)<br>)   Case No. 25-833M(NJ) |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____ District of _____
*(identify the person or describe the property to be searched and give its location)*:

see Attachment A.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

see Attachment B.

**YOU ARE COMMANDED** to execute this warrant on or before 3/10/2025 _____ *(not to exceed 14 days)*

☐ in the daytime 6:00 a.m. to 10:00 p.m.   ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____ Honorable Nancy Joseph _____ .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*

☐ for _____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued: 2/24/2025 @ 3:04 p.m. _____

*Judge's signature*

City and state:      Milwaukee, WI _____      Honorable Nancy Joseph, U.S. Magistrate Judge
*Printed name and title*

| **Return** | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |

Inventory made in the presence of :

Inventory of the property taken and name(s) of any person(s) seized:

**Certification**

      I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

                                                         *Executing officer's signature*

                                                            *Printed name and title*

<u>**ATTACHMENT A**</u>

<u>**Matter No. 2023R00176**</u>

     This warrant authorizes the use of the electronic investigative technique described in Attachment B when the officers to who it is directed have reason to believe that VEGAS A. JONES is present at certain locations, including, but not limited to:

9811 Eschweiler Dr. Apt. 201, Milwaukee, WI

2506 N 23rd St. Milwaukee, WI

**ATTACHMENT B**

**Matter No. 2023R00176**

The **Target Cellular Device(s)** are the cellular device or devices carried by Vegas A. Jones. Law enforcement has established probable cause to believe that (i) violations of Title 21, United States Code, Sections 841(a)(1), 843, and 846, have been committed, are being committed, and will be committed by VEGAS A. JONES, and others not yet identified; and (ii) data regarding the **Target Cellular Device(s)** will constitute evidence of those criminal violations. In addition, in order to obtain additional evidence relating to the **Target Cellular Device(s)**, its user, and the criminal violations under investigation, law enforcement must first identify the **Target Cellular Device(s)**. This warrant authorizes the officers to whom it is directed to identify the Target Cellular Device(s) by collecting radio signals, including the unique identifiers, emitted by the **Target Cellular Device(s)** and other cellular devices in its vicinity for a period of thirty days, during all times of day and night. Absent further order of a court, law enforcement will make no affirmative investigative use of any identifiers collected from cellular devices pursuant to the authorization contemplated here, other than the **Target Cellular Device(s)**, except to identify the **Target Cellular Device(s)** and distinguish it from the other cellular devices. Once investigators ascertain the identity of the **Target Cellular Device(s)**, they will end the collection, and any information collected concerning cellular devices other than the Target Cellular Device(s) will be deleted. This warrant does not authorize the interception of any telephone calls, text messages, or other electronic communications, and this warrant prohibits the seizure of any tangible property. The Court finds reasonable necessity for the use of the technique authorized above. See 18 U.S.C. § 3103a(b)(2).

# UNITED STATES DISTRICT COURT

for the

Eastern District of Wisconsin

| | | |
|---|---|---|
| In the Matter of the Search of *(Briefly describe the property to be searched or identify the person by name and address)* **Records and information associated with the cellular devices used by V.J., to include the cellular device assigned (414) 204-0555** | ) ) ) ) ) ) | Case No. 24-833M(NJ) |

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

**see Attachment A,**

located in the _____ District of _____ , there is now concealed *(identify the person or describe the property to be seized)*:

**see Attachment B.**

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 841, 843, 846; 18 U.S.C. § 1503 | distribution of controlled substances; use of a communication facility to facilitate distribution of controlled substances; conspiracy to distribute controlled substances; obstruction |

The application is based on these facts:

**see attached Affidavit**

☐ Continued on the attached sheet.

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

James Buck, FBI SA

*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by

_____telephone_____ *(specify reliable electronic means).*

Date: 2/24/2025

*Judge's signature*

City and state: Milwaukee, WI

Honorable Nancy Joseph, U.S. Magistrate Court

*Printed name and title*

<u>**AFFIDAVIT IN SUPPORT OF**</u>

<u>**AN APPLICATION FOR A SEARCH WARRANT**</u>

<u>**Matter No. 2023R00176**</u>

I, James Buck, being first duly sworn, hereby depose and state as follows:

<u>**INTRODUCTION AND AGENT BACKGROUND**</u>

1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 to authorize law enforcement to employ an electronic investigative technique further described in Attachment B, in order to identify the cellular device or devices carried by VEGAS A. JONES (the "Target Cellular Device(s)"), described in Attachment B.

2. I am a Special Agent with the Federal Bureau of Investigation (FBI) and have been since June of 2023. Since June of 2023, I have been assigned to the FBI's Milwaukee Area Safe Streets Task Force (MASSTF), a multi-jurisdictional law enforcement entity charged with investigating violations of federal law, including narcotics trafficking and conspiracy to possess narcotics with intent to distribute as defined under Title 21 of the United States Code, I have been trained in a variety of investigative and legal matters, including the topics of Fourth Amendment searches, the drafting of search warrant affidavits, and probable cause. I have participated in criminal investigations, surveillance, search warrants, interviews, and debriefs of arrested subjects. As a result of this training and investigative experience, I have learned how and why narcotics traffickers typically conduct various aspects of their criminal activities. I have experience in the investigation of individuals involved in federal criminal offenses, the use of cellular devices to commit those offenses, and the available technology that can be used by law enforcement to assist in identifying the users of cellular devices and their location.

3. The facts in this affidavit come from my personal observations, training, experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4. This Court has authority to issue the requested warrant under Federal Rule of Criminal Procedure Rule 41(b)(1) & (2) because the Target Cellular Device(s) is/are currently believed to be located inside this district because VEGAS A. JONES is believed to reside in the Eastern District of Wisconsin ("EDWI"). DOMINIQUE WILLIAMS has been observed by case agents at a known registered address for VEGAS A. JONES. Additionally, VEGAS A. JONES's vehicle has been observed by case agents, via physical surveillance, following behind DOMINIQUE WILLIAMS' vehicle after departing her listed residence. Case agents learned via electronic surveillance that VEGAS A. JONES was regularly in contact with DOMINIQUE WILLIAMS in the EDWI. Pursuant to Rule 41(b)(2), law enforcement may use the technique described in Attachment B outside the district provided the device is within the district when the warrant is issued.

5. Based on the facts set forth in this affidavit, there is probable cause to believe that violations of Title 21, United States Code, Sections 841(a)(1), 843, and 846 have been committed, are being committed, and will be committed by VEGAS A. JONES, and others not yet identified. There is also probable cause to believe that data regarding the Target Cellular Device(s) will constitute evidence of those criminal violations. In addition, in order to obtain additional evidence relating to the Target Cellular Device(s), its user, and the criminal violations under investigation, law enforcement must first identify the Target Cellular Device(s). There is probable cause to believe that the use of the investigative technique described by the warrant will result in officers learning that identifying information.

6. Because collecting the information authorized by this warrant may fall within the statutory definitions of a "pen register" or a "trap and trace device," see 18 U.S.C. § 3127(3) & (4), this warrant is designed to comply with the Pen Register Statute as well as Rule 41. See 18 U.S.C. §§ 3121-3127. This warrant therefore includes all the information required to be included in a pen register order. See 18 U.S.C. § 3123(b)(1).

## **PROBABLE CAUSE**

7. On October 1, 2024, an arrest warrant was issued for Dominique WILLIAMS by a United States Magistrate Judge for the Eastern District of Wisconsin, pursuant to a complaint captioned 24-MJ-187. On that same date, a search warrant (captioned 24-MJ-192) was issued for 1702 W. Capitol Drive, Milwaukee, Wisconsin, Dominique WILLIAMS' primary residence. The affidavits submitted in support of both documents are incorporated here by reference.

8. As more fully described in the affidavits previously incorporated here, and in the paragraphs below, law enforcement believes Dominque WILLIAMS led a drug trafficking organization ("DTO") based in the Eastern District of Wisconsin, and that he associates with Vegas JONES, the user of the Target Cellular Device(s).

9. Starting in July 2024, Investigators obtained a court ordered Title III wire intercept (Captioned 24AP10) and began monitoring phone calls for MALIK NICHOLS on phone number 262-993-0926.  On August 21, 2024, at approximately 10:34 a.m., NICHOLS, using 262-993-0926, made an outgoing call to Vegas JONES, using (414) 204-0555 (previously defined as the Target Cellular Device(s)). The conversation, in substance and in relevant part, was as follows.

- JONES: "Really?"
- NICHOLS: "What up?"
- JONES: "Ain't nobody bout to play phone tag with you."

- NICHOLS: "Man I was on the phone making calls making some calls and you want to disturb me".
- JONES: "I'm sorry, DOMO [a known nickname for Dominique Williams] told me to call you so you can bring me some money".
- NICHOLS: "It's to early in the morning for this shit".
- JONES: "You know I be up early handling business stop playing".
- NICHOLS: "Nigga you ain't the only one up early".
- JONES: "I know, Huh?"
- NICHOLS: "Where you at?"
- JONES: "At the daycare thats why I had to call you cause I can't leave the daycare".
- NICHOLS: "Aight".
- JONES: "You gone come up here?"
- NICHOLS: "I'm pulling up".
- JONES: "ok".

10. Based upon their training, experience, and the investigation to date, case agents believe that in the foregoing conversation, that JONES told NICHOLS that WILLIAMS told NICHOLS to bring her some money. JONES stated that she is up early handling business and cannot leave the daycare. JONES is a frequent caller in both of WILLIAMS' known phones, 747-955-6842 and 626-654-9974.

11. On August 8, 2024, at approximately 4:38 p.m., Investigators were monitoring a court ordered Title III wiretap (Caption 24AP10-1st Ext.) on WILLIAMS, using 747-955-6842. At that time, WILLIAMS made an outgoing call to Vegas JONES, at the Target Cellular Device(s). The conversation, in substance and in relevant part, was as follows:

- JONES: Hello? Yes.
- WILLIAMS: Yeah we need uhh, to get some paperwork signed too.
- JONES: Alright.
- WILLIAMS: Contract.
- JONES: Alright.
- WILLIAMS: You funny acting...
- JONES: No I'm not funny acting, I'm just I'm not okay with how you treating me.
- WILLIAMS: I ain't okay with how you treat me.
- JONES: I'm not finna keep suading you and begging you and telling you how I feel for you to just walk out and throw a card at me and be like I don't give a fuck. *Overlap*
- WILLIAMS: *Overlap* I ain't finna keep bitching
- JONES: Like that's crazy.
- WILLIAMS: Doing the most.
- JONES: I feel like that crazy, for a person to voice their opinion and you just don't give a fuck.
- WILLIAMS: Keep you car, keep your [UI] then we go sign a contract.
- JONES: Okay.

- WILLIAMS: 50/50.
- JONES: Okay.
- WILLIAMS: *Grunts*
- JONES: Alright.
- WILLIAMS: Alright, love you.
- JONES: Bye.

12. Investigators believe WILLIAMS and JONES are talking about contracts related to the group home businesses that they have together and the nature of their relationship.

13. On September 5, 2024, Investigators believed, based on other wire interceptions, that WILLIAMS would be having drugs trafficked from California to Milwaukee, WI. Iowa State Police conducted a traffic stop on WILLIAMS' Mercedes sprinter van in Dallas County, Iowa. Upon searching the vehicle, law enforcement located approximately 24 Kilograms of Cocaine and 75 pounds of Methamphetamine, with an estimated street value of 1.3 million dollars.

14. On October 2, 2024, law enforcement officers attempted to execute search warrants and arrest warrants related to this investigation, including a search warrant at 1702 W. Capitol Drive, Milwaukee, WI. They established surveillance around 5:30AM (CST), anticipating that the search would begin at 6:00AM. At approximately 5:59AM, they observed a white Chevy van, known to have been utilized by N-Namdi WILLIAMS (Dominique WILLIAMS' father), leave 1702 W. Capitol Drive, Milwaukee, WI. The vehicle was originally traveling at an ordinary rate of speed, but as it proceeded away from the residence, the driver – believed to be N-Namdi WILLIAMS – would likely have been able to see law enforcement en route to the residence, driving distinctive vehicles (including their BearCat, tinted sedans, and the entry-team vehicle). At that point, the white van, believed to be driven by N-Namdi WILLIAMS, accelerated at a high rate of speed. Law enforcement elected to let the van drive away and execute the warrant at 1702 W. Capitol Drive, Milwaukee, WI, where they recovered documents and records believed to be reflective of the DTO's activities. On this same morning of October 2, 2024, law enforcement has searched other locations associated with the DTO, recovering substantial quantities of controlled substances and firearms.

15. Law enforcement also noted, via previously authorized electronic surveillance, that N-Namdi WILLIAMS, shortly after his suspected flight from law enforcement, attempted to contact his son Dominique WILLIAMS (who was in California, which is on Pacific Standard Time and therefore two hours ahead) multiple times via cellular telephone. More specifically:

- N-Namdi WILLIAMS called Dominique WILLIAMS at approximately 6:06AM (CST). It appears they did not speak, as the call duration is four seconds.

- N-Namdi WILLIAMS then called Dominique WILLIAMS again, at approximately 6:07AM (CST). It appears they spoke, as the call duration is one minute and forty-nine seconds. Shortly after this point, location data associated with Dominique WILLIAMS' phone reflects that he and his device left their present location and began to travel at a very high rate of speed, even though it was only shortly after 4AM at his location. Based on the duration and context, law enforcement believes that during this call, N-Namdi WILLIAMS advised Dominque WILLIAMS that law enforcement was attempting to execute search warrants, and he should flee.

- N-Namdi WILLIAMS next called Dominique WILLIAMS at approximately 7:45AM (CST). It appears they spoke, as the call duration three minutes and thirty-three seconds.

16. Law enforcement, using previously-authorized location data associated with Dominique WILLIAMS' other line, noted that Dominique WILLIAMS, shortly after contact with his father, began fleeing at a high rate of speed north, away from Santa Ana and towards Los Angeles. Dominique WILLIAMS appeared to stop using this other line later that morning, and law enforcement accordingly stopped receiving correlated location data.

17. Investigators conducted a toll analysis for all three of WILLIAMS' known phone numbers and found that Vegas JONES was a top caller for WILLAMS on all three of his known phone numbers. JONES had 11 calls between September 3, 2024, and September 7, 2024, with WILLIAMS on 747-955-6842. During the same time, JONES had 37 calls with WILLIAMS on 626-654-9974. Lastly, JONES had 70 calls with WILLIAMS on 262-307-3681 between September 7, 2024, and October 1, 2024.

18. Investigators reviewed WILLIAMS' American Express account after he went on the run from law enforcement. Investigators did not identify any new purchases on his account after October 2, 2024. Investigators did determine that WILLIAMS made almost $500,000 in American Express purchases during a 15-month period ending on

09/19/2024. Investigators also noticed one change that occurred after October 1, 2024, which was a phone number change for WILLIAMS on the account, which took place on October 14, 2024, when his contact number was changed to JONES' number, 414-204-0555 (Target Cellular Device(s)).

19. On or about February 18, 2025, the Federal Bureau of Investigation received a tip through a member of local law enforcement. That local law enforcement officer reported that his unidentified tipster had told him that Vegas JONES and Dominique WILLIAMS own several group homes throughout the City of Milwaukee and generate a modest profit off those residences.  The tipster also told the officer that JONES regularly collects money from the group home business and travels to Atlanta, Georgia, where WILLIAMS is hiding, to give WILLIAMS money.  The tipster further told the officer that the money must be transferred in cash because WILLIAMS is wanted by the FBI and cannot use traditional banking methods.  Lastly, the tipster stated that JONES has a second phone that she utilizes to talk to WILLIAMS but was unaware of the number for that phone. Based on the symmetry between the tipster's information and the evidence I have uncovered in this investigation so far, and the fact that the tipster relayed their information through a member of law enforcement, I believe the tipster's information is reliable.

20. I also know that WILLIAMS and JONES have engaged in various business transactions that reflect their ongoing relationship. More specifically, WILLIAMS owns a business named Williams Elite Logistics, LLC.  Williams Elite Logistics, LLC has a business address of 30985 N Karen Ave, San Tan Valley, AZ.  Investigators knew that WILLIAMS owned several properties throughout Milwaukee under that business name.

21. Investigators conducted a search of the Milwaukee County Assessors website for those properties and discovered WILLIAMS sold those properties on September 14, 2024, which was nine days after the 1.3-million-dollar drug seizure related to WILLIAMS. WILLIAMS sold three properties to Beautiful Beings LLC.   Beautiful Beings LLC was found to have a business address of 4033 S 7th Street, Unit 305, Phoenix, AZ, which Investigators believe to be WILLIAMS' mother's address.  The other address listed was 30985 N Karen Ave, San Tan Valley, AZ.

22. A search was done through the Arizona Corporation Commission for the articles of incorporation associated with Beautiful Beings LLC.  It was discovered that the business had an agent of Carlata STEWART, with an address of 30985 N Karen Ave, San Tan Valley, AZ and Mitchelle Olumide MAKANJUOLA, with a physical address of 16624 S 43rd Place, Phoenix, AZ.

23. When reviewing the properties sold, it was discovered that 2463 S 19th Street, Milwaukee, WI is the current Department of Transportation Address for JONES.  These records also revealed that this property was sold to Beautiful Beings LLC on September 14, 2024, for $10,000, even though the Milwaukee County Assessors site has the property valued at $134,700.  Additionally, the property located at 1641 N 26th Street, Milwaukee,

WI was also sold to Beautiful Beings LLC on September 14, 2024, for $10,000, despite it being valued at $35,900. Lastly, the property located at 2933 N 27th Street, Milwaukee, WI, was also sold to Beautiful Beings LLC on September 14, 2024, for $10,000, despite being valued at $50,000.

24. It should be noted that although the Target Cellular Device(s) is used by JONES, it is listed in law enforcement databases to Dionne WREN, with an address of 2506 N 23rd Street. When looking up WREN, she is associated with JONES as a business partner in several businesses. Four of these businesses were dissolved on September 13, 2024, which was one day prior to Beautiful Beings, LLC purchasing all three of the properties from Williams Elite Logistics, LLC. The businesses associated with JONES and WREN are as follows.

   **KARE WITH LOVE LLC**
   Agent: VEGAS AMANIE JONES
   2463 S 19TH ST, MILWAUKEE , WI 53215


   **LITTLE BLESSING CC, LLC**
   Agent: DIONNE MARIE WREN
   2414N 45TH ST, MILWAUKEE , WI 53210

   **V&D TRUCKING LLC (Dissolved 9/13/24)**
   Agent: VEGAS AMANIE JONES
   2506 N 23RD ST, MILWAUKEE , WI 53206

   **LITTLE BLESSING'S LLC (Dissolved 9/13/24)**
   Agent: VEGAS AMANIE JONES
   2506 N 23RD ST, MILWAUKEE , WI 53206

   **A CHIK & A HAMMER LLC (Dissolved 9/13/24)**
   Agent: DIONNE MARIE WREN
   12315 W DEARBOURN AVE, WAUWATOSA , WI 53226

   **A CHIK & A TRUCK LLC (Dissolved 9/13/24)**
   Agent: DIONNE MARIE WREN
   12315 W DEARBOURN AVE, WAUWATOSA , WI 53226


25. Investigators know that many individuals who engage in nefarious activities will often have multiple phones. However, although these individuals utilize different phones for illegal activities and personal business, they almost always have the phones co-located on their person so they can answer whichever one is receiving calls.

26. At this point, law enforcement is attempting to locate Dominique WILLIAMS. Law enforcement believes that the data requested here regarding the Target Cellular Device(s) may help them locate (i) Dominique WILLIAMS and (ii) Vegas JONES's Target Cellular Device(s), which will in turn contain evidence probative of the Target Offenses.

## MANNER OF EXECUTION

27. In my training and experience, I have learned that cellular phones and other cellular devices communicate wirelessly across a network of cellular infrastructure, including towers that route and connect individual communications. When sending or receiving a communication, a cellular device broadcasts certain signals to the cellular tower that is routing its communication. These signals include a cellular device's unique identifiers.

28. To facilitate execution of this warrant, law enforcement may use an investigative device that sends signals to nearby cellular devices, including the Target Cellular Device(s), and in reply, the nearby cellular devices will broadcast signals that include their unique identifiers. The investigative device may function in some respects like a cellular tower, except that it will not be connected to the cellular network and cannot be used by a cell to communicate with others. Law enforcement will use this investigative device when they have reason to believe that Vegas A. Jones is present. Locations law enforcement anticipates potentially utilizing this technique include: 9811 Eschweiler Dr. Apt. 201, Milwaukee, WI (JONES' residence) and 2506 N 23rd St. Milwaukee, WI (an additional residence where JONES' vehicle is registered).

29. Law enforcement will collect the identifiers emitted by cellular devices in the immediate vicinity of the **Target Cellular Device(s)** when the subject is in multiple locations and/or multiple times at a common location and use this information to identify the **Target Cellular Device(s)**, as only the **Target Cellular Device(s)'** unique identifiers will be present in all or nearly all locations. Once investigators ascertain the identity of the **Target Cellular Device(s)**, they will cease using the investigative technique. Because there is probable cause to determine the identity of the **Target Cellular Device(s)**, there is probable cause to use the investigative technique described by the warrant to determine the identity of the **Target Cellular Device(s)**.

30. The investigative device may interrupt cellular service of cellular devices within its immediate vicinity. Any service disruption will be brief and temporary, and all operations will attempt to limit the interference cellular devices. Once law enforcement has identified the **Target Cellular Device(s)**, it will delete all information concerning non-targeted cellular devices. Absent further order of the court, law enforcement will make no investigative use of information concerning non-targeted cellular devices other than distinguishing the **Target Cellular Device(s)** from all other devices.

## AUTHORIZATION REQUEST

31. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41. The proposed warrant also will function as a pen register order under 18 U.S.C. § 3123.

32. I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 180 days from the end of the period of authorized surveillance. This delay is justified because there is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the person carrying the Target Cellular Device(s) would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. See 18 U.S.C. § 3103a(b)(1). There is reasonable necessity for the use of the technique described above, for the reasons set forth above. See 18 U.S.C. § 3103a(b)(2).

33. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to identify the Target Cellular Device(s) outside of daytime hours.

34. A search warrant may not be legally necessary to compel the investigative technique described herein. Nevertheless, I hereby submit this warrant application out of an abundance of caution.

## ATTACHMENT A

## Matter No. 2023R00176

This warrant authorizes the use of the electronic investigative technique described in Attachment B when the officers to who it is directed have reason to believe that VEGAS A. JONES is present at certain locations, including, but not limited to:

9811 Eschweiler Dr. Apt. 201, Milwaukee, WI

2506 N 23rd St. Milwaukee, WI

## ATTACHMENT B

## Matter No. 2023R00176

The **Target Cellular Device(s)** are the cellular device or devices carried by Vegas A. Jones. Law enforcement has established probable cause to believe that (i) violations of Title 21, United States Code, Sections 841(a)(1), 843, and 846, have been committed, are being committed, and will be committed by VEGAS A. JONES, and others not yet identified; and (ii) data regarding the **Target Cellular Device(s)** will constitute evidence of those criminal violations. In addition, in order to obtain additional evidence relating to the **Target Cellular Device(s)**, its user, and the criminal violations under investigation, law enforcement must first identify the **Target Cellular Device(s)**. This warrant authorizes the officers to whom it is directed to identify the Target Cellular Device(s) by collecting radio signals, including the unique identifiers, emitted by the **Target Cellular Device(s)** and other cellular devices in its vicinity for a period of thirty days, during all times of day and night. Absent further order of a court, law enforcement will make no affirmative investigative use of any identifiers collected from cellular devices pursuant to the authorization contemplated here, other than the **Target Cellular Device(s)**, except to identify the **Target Cellular Device(s)** and distinguish it from the other cellular devices. Once investigators ascertain the identity of the **Target Cellular Device(s)**, they will end the collection, and any information collected concerning cellular devices other than the Target Cellular Device(s) will be deleted. This warrant does not authorize the interception of any telephone calls, text messages, or other electronic communications, and this warrant prohibits the seizure of any tangible property. The Court finds reasonable necessity for the use of the technique authorized above. See 18 U.S.C. § 3103a(b)(2).